```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF IOWA
                    CENTRAL DIVISION

ELAINE L. CHAO, Secretary of    )
 Labor, United States Department )
 Of Labor,                       ) Civil Action No.
                    Plaintiff,   )
                                 )
     v.                          ) COMPLAINT FOR BREACH OF
                                 ) ERISA AND DECLARATORY
                                 ) AND INJUNCTIVE
IOWA ASSOCIATION OF BUSINESS     ) RELIEF
 AND INDUSTRY, an Iowa Non-Profit )
 Corporation,                    )
                    Defendant.   )
```

Plaintiff ELAINE L. CHAO, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR (the "Secretary"), alleges that:

This action arises under Title I of ERISA, 29 U.S.C. §§ 1001, et seq., as amended and is brought by the Secretary to obtain relief under ERISA §§ 409 and 502 of ERISA, 29 U.S.C. §§ 1109 and 1132, in the form of declaratory and injunctive relief and other equitable remedies that will redress violations and enforce the provisions of Title I of ERISA.

PARTIES

1.  Plaintiff is the Secretary of the United States Department of Labor, who has authority to bring

this civil action under ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5).

2.   At all times relevant to this action, Defendant Iowa Association of Business and Industry ("ABI") has functioned either as an unincorporated trade association or as a nonprofit corporation under what is today Iowa Code Chapter 504A and has been determined by the Internal Revenue Service to be, and has been, exempt from federal income taxes under Section 501(c)(6) of the Internal Revenue Code.  ABI's principal place of business is Des Moines, Iowa.  Under ABI's current and predecessor articles of incorporation, all businesses operating in Iowa are eligible for membership in ABI.  ABI currently has approximately 1,500 members.

## JURISDICTION AND VENUE

3.   This Court has jurisdiction over this matter pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

4.   Venue with respect to this action lies in the Southern District of Iowa pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## GENERAL ALLEGATIONS

2

5.   The subject of this litigation is the disposition of proceeds resulting from the sale of shares of stock in Principal Financial Group, Inc. ("PFG") and the disposition of dividends that were paid on those shares prior to the sale of the shares (collectively, "Proceeds").  A trust has been established with regard to the proceeds from the sale of the stock, and the earnings on such proceeds are also the subject of this litigation, and thus included in the term, "Proceeds."

6.   The shares of Principal Financial Group, Inc. stock were received by ABI as the result of the demutualization of Principal Holding Company, the parent company of Principal Life Insurance Company f/k/a Principal Mutual Life Insurance Company f/k/a Bankers Life Company (collectively, "Principal").  In 2001, Principal converted from a mutual insurance company to a corporation, a process known as demutualization.  In accordance with Principal's plan of demutualization, Principal distributed to all "Eligible Policyholders" demutualization compensation either in cash or in the form of stock in Principal Financial Group, Inc.

7.   Following the Principal demutualization, ABI

received 870,393 shares of PFG stock because it had been determined by Principal that ABI was an "Eligible Policyholder" with respect to a group policy, Policy 257 – i.e., that it held an "eligible policy or contract" one year prior to March 31, 2000 (one year prior to the date upon which the Board of Directors of Principal adopted a plan of demutualization), and that such eligible contract or policy was continuously in force from that date through the date of demutualization.

    8. Principal underwrote health, life and long term disability benefits through Policy 257 (collectively such benefits shall be referred to as the "ABI Program"). The policy was issued in the name of ABI (and before it, the Iowa Manufacturers Association).

    9. Although Policy 257 was issued by Principal to ABI and ABI is named as the Master policyholder, throughout and in related policies, it stated that any reference to "Policyholder" will refer to a Participating Unit. The "Participating Unit" is defined as "any business or industry that is a member or associate member of ABI...." Further, the policy states that the Participating Unit "has the

4

responsibility and liability for administration of the policy." Thus, ABI's members were the policyholders of Policy 257.

10. Although Policy 257 was issued to ABI, it was the responsibility of each member to negotiate, fund and administer an individual policy with Principal. The ABI Program is not a single welfare plan; rather, it consists of the plans established by ABI and each member.

11. Under the ABI Program, members purchased coverage through insurance agents and brokers directly from Principal. The premiums for the coverage were paid directly by the members and participants to Principal.

12. Although ABI provided Principal with a list of ABI members and other information that Principal used to market insurance products to ABI members, none of the premiums for coverage purchased under Policy 257 were paid by or through ABI, other than with respect to the plan ABI maintained for its own employees.

13. The plans established, maintained and/or sponsored by ABI members through Policy 257 are employee welfare benefit plans within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1).

14.  Employee contributions withheld from wages to pay for insurance premiums become plan assets pursuant to 29 C.F.R. § 2510.3-102.  Accordingly, a portion of the Proceeds are plan assets.

15.  ABI took control over the Proceeds when it accepted distribution of the stock and dividends.  ABI sold the stock, authorized the payment of expenses relating to the demutualization out of the Proceeds (including, but not limited to legal fees for legal opinions and investment advisor fees), and determined the investment strategy for the Proceeds.  ABI continues to retain control over the Proceeds that are currently held in trust.  Accordingly, ABI had and did exercise authority and control over plan assets.  Therefore, at all relevant times, ABI was a fiduciary of the plans established by its members comprising the ABI Program within the meaning of ERISA § 3(21)(A)(i), 29 U.S.C. § 1002(21)(A)(i).

16.  The Secretary asserts that the portion of the Proceeds that are attributable to employee contributions are plan assets; therefore, the plans comprising the ABI Program that were funded in whole or in part by employee contributions are entitled to the portion of the Proceeds constituting plan assets.

## FIRST CLAIM FOR RELIEF
(Breaches of Fiduciary Duties)

17.  Paragraphs 1 through 16 above are realleged and incorporated herein by reference.

18.  By retaining control of and refusing to distribute the portion of the Proceeds that are plan assets to ABI members, ABI, acting in its fiduciary capacity:

a.  failed to discharge its duties with respect to the plans solely in the interest of participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the plans as required by ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); and

    b. failed to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims as required by ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

 19. As a direct and proximate result of these breaches committed by ABI, the plans comprising the ABI Program have suffered losses for which ABI is liable pursuant to ERISA § 409, 29 U.S.C. § 1109.

 20. The Secretary therefore prays for judgment as set forth below.

<div style="text-align:center">

SECOND CLAIM FOR RELIEF

(Prohibited Transaction)

</div>

 21. Paragraphs 1 through 20 above are realleged and incorporated herein by reference.

 22. By retaining control of and refusing to distribute the portion of the Proceeds that are plan assets to ABI members, ABI, acting in its fiduciary capacity:

    a. dealt with plan assets in its own

interest and for its own account, in violation of the prohibitions of ERISA §§ 406(b)(1), 29 U.S.C. § 1106(b)(1).

     b.   acted in transactions involving the plans comprising the ABI Program on behalf of a party whose interests were adverse to the interests of the plans or the interests of the plans' participants and beneficiaries, in violation of the prohibitions of ERISA Section 406(b)(2), 29 U.S.C. § 1106(b)(2).

23.   As a direct and proximate result of these breaches committed by ABI, the plans comprising the ABI Program have suffered losses for which ABI is liable pursuant to ERISA § 409, 29 U.S.C. § 1109.

24.   The Secretary therefore prays for judgment as set forth below.

<div style="text-align:center">PRAYER FOR RELIEF</div>

25.   The Secretary prays this Court enter judgment as follows:

     a.   Declare that the portion of the Proceeds that are attributable to employee contributions are plan assets.


interest and for its own account, in violation of the prohibitions of ERISA §§ 406(b)(1), 29 U.S.C. § 1106(b)(1).

    b.   acted in transactions involving the plans comprising the ABI Program on behalf of a party whose interests were adverse to the interests of the plans or the interests of the plans' participants and beneficiaries, in violation of the prohibitions of ERISA Section 406(b)(2), 29 U.S.C. § 1106(b)(2).

23.   As a direct and proximate result of these breaches committed by ABI, the plans comprising the ABI Program have suffered losses for which ABI is liable pursuant to ERISA § 409, 29 U.S.C. § 1109.

24.   The Secretary therefore prays for judgment as set forth below.

<div align="center">PRAYER FOR RELIEF</div>

25.   The Secretary prays this Court enter judgment as follows:

    a.   Declare that the portion of the Proceeds that are attributable to employee contributions are plan assets.

   b. Enjoin ABI from receiving any portion of the Proceeds that are plan assets and require ABI to remit the portion of the Proceeds that are plan assets (including any portion that ABI previously expended) to an independent fiduciary appointed pursuant to Paragraph 25(c) below.

   c. Appoint a qualified, independent fiduciary to make determinations as to the portion of Proceeds that are plan assets (i.e., the portion of the Proceeds that are attributable to employee contributions) and the method for allocating and distributing the Proceeds that are plan assets to ABI members, employee benefit plans, participants and/or beneficiaries.

   d. Order that all costs and expenses associated with the appointment and retention of the Independent Fiduciary be paid by ABI;

   e. Require ABI to cooperate in all ways with the Court-appointed fiduciary in making its determinations;

   f. Award the Secretary the costs of this action; and

   g. Order such further relief as is appropriate and just.

                                        Respectfully submitted,

                                        Howard M. Radzely
                                        Solicitor of Labor

                                        Michael A. Stabler
                                        Regional Solicitor


                                        /s/ Usha Smerdon_____
                                        Usha Smerdon
                                        Attorney

1210 City Center Square     Attorneys for
1100 Main Street              Secretary of Labor
Kansas City, MO 64105       U.S. Department of Labor
(816) 426-6441
(816) 426-2500 (fax)